Filed 3/14/16  Adoption of K.G. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Adoption of K.G., a Minor. | 2d Juv. No. B265212<br>(Super. Ct. No. A017238)<br>(Ventura County) |
| K.L.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>H.D.,<br><br>    Defendant and Appellant. | |

H.D ("Father") appeals an order granting a petition to terminate his parental rights to his biological daughter, K.G., freeing her for adoption by K.G.'s maternal grandmother, K.L. ("Grandmother").

Father contends the Ventura County Superior Court did not have jurisdiction to terminate his parental rights because a Georgia probate court issued a guardianship order in 2012 and has continuing exclusive subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).  (Fam. Code, § 3400 et seq.)[1]  Father also contends the trial court denied his right to due process when it did not permit him to testify telephonically.  We conclude the UCCJEA does not apply to these adoption

---

[1] All statutory references are to the Family Code.

proceedings and Father waived his due process claim when he stipulated that no witnesses would be called.  We affirm.

BACKGROUND

K.G. was born in 2006 in Georgia.  Her parents were not married.  No father is identified on her birth certificate.

Father is K.G.'s biological father.  Mother informed Father of her pregnancy.  Father did not support or visit K.G.

In February 2012, Mother relinquished her parental rights and selected Grandmother as a temporary guardian for K.G.  A Georgia probate court granted temporary guardianship to Grandmother.  Grandmother's guardianship petition alleged that K.G. was born out of wedlock and that Father had "not legitimated" K.G.  The Georgia court's order does not address Father's parental rights.

In 2014, Grandmother filed a petition to adopt K.G. in the Ventura County Superior Court.  She and K.G. had lived in Ventura for more than two years.

Mother consented to adoption.  Father did not consent.

Grandmother alleged Father's consent to adoption was not required for two reasons:  (1) Father deserted K.G. without providing information to identify her (§ 8606, subd. (c)); and (2) an adopting parent had custody of K.G. by court order or agreement and Father had not contacted K.G. or paid for her support for one year or more (§ 8604, subd. (b)).

In a separate petition filed in the same action, Grandmother asked that the trial court terminate Father's parental rights because (1) Father abandoned K.G. (§ 7822), and (2) Father is a felon whose crime demonstrates unfitness (§ 7825).  Grandmother later withdrew her allegation that consent was not required under sections 8606 and 8604.  She proceeded solely on the grounds that Father's rights should be terminated because he abandoned K.G. (§ 7822) and he is an unfit felon (§ 7825).

The trial court appointed counsel to represent Father.  At trial, counsel stipulated that the Ventura County Human Services Agency (HSA) report "would be submitted into evidence without objection, that the court would accept the REPORT as

2

evidence and counsel would argue on the facts and findings of the REPORT without the necessity of calling further witnesses." HSA reported that Father was out of state, "recently released from prison after serving a nine year sentence for possession of an un-registered machine gun," "currently residing in a 'halfway house,'" and "not allowed to travel outside of the state until July 2015." The court allowed Father to attend the May 2015 trial by telephone but did not allow him to testify.

HSA's report was based on its interviews of Father, K.G., Mother, and Grandmother. HSA reported that Father "has been incarcerated the child's entire life and, at best, he has talked with [K.G.] on the phone a few times several years ago." Father was "continuously absent . . . [in] excess of eight years and has failed to provide any support for her." HSA summarized California Law Enforcement Telecommunications System information concerning Father but concluded that it contained insufficient information to find him unfit based on the nature of his convictions. (§ 7825.) Instead, HSA recommended the trial court terminate Father's parental rights under section 7822 because he abandoned K.G. HSA recommended that it is in K.G.'s best interest to be freed for adoption to Grandmother.

The trial court terminated Father's parental rights pursuant to section 7822. It found: Father is not the presumed father, he is the biological father; it is in K.G.'s best interest that the adoption proceed (§ 7664); and "[p]ursuant to Family Code Section 7822 Father has abandoned [K.G.] and [K.G.] is free from custody and control of the Father."

Before trial, the trial court asked the parties whether the UCCJEA applies to this proceeding. Grandmother argued it did not. Father did not submit a brief. The court concluded that the UCCJEA does not apply to this proceeding. Accordingly, it did not stay the action to communicate with the Georgia court on the question of jurisdiction (§ 3426, subd. (b)) or determine whether K.G., K.G.'s parents, and any person acting as a parent do not presently reside in Georgia (§ 3423, subd. (b)) as would be required if the UCCJEA applied.

3

DISCUSSION

Father contends the Ventura Superior Court did not have jurisdiction to terminate his parental rights because the Georgia probate court has continuing exclusive jurisdiction under the UCCJEA.

The UCCJEA provides the exclusive method of determining subject matter jurisdiction in child custody proceedings. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 310.) It provides that "child custody proceeding[s]" include "proceeding[s] for . . . guardianship . . . [and] termination of parental rights." (§ 3402, subd. (d).) But it also provides that it does not apply to adoption proceedings. (§ 3403 ["This part does not govern an adoption proceeding or a proceeding pertaining to the authorization of emergency medical care for a child"].) Jurisdiction over adoption proceedings is instead governed by section 9210. Therefore, termination of parental rights here in this adoption proceeding is not governed by the UCCJEA. To separate the termination petition from the adoption proceeding would extol form over substance, unnecessarily prolonging these proceedings. No form of litigation is less suited to delay than an adoption proceeding. (*Adoption of Michael H.* (1995) 10 Cal.4th 1043, 1072.) Termination requires expediency and finality in the interest of the child's development and well-being. (*In re Clarissa H.* (2003) 105 Cal.App.4th 120, 125.)

The Ventura County Superior Court had jurisdiction over the adoption proceeding under section 9210. Section 9210 provides that a California court has jurisdiction over a proceeding for adoption of a minor if the minor lived with a guardian in California for at least six months before commencement of the action and there is substantial evidence in California concerning the minor's present or future care. (§ 9210, subd. (a)(1).) K.G. lived with her guardian, Grandmother, in California for more than six months before commencement of the action. All substantial evidence concerning K.G.'s care is in California, as demonstrated by HSA's report.

The Georgia probate court order does not undermine California's jurisdiction over the adoption proceeding. A California court may not exercise jurisdiction over an adoption proceeding if a court of another state has issued an order concerning the custody of

4

the child unless either (1) the other state court does not have jurisdiction over the adoption proceeding substantially in conformity with section 9210, subdivision (a)(1)-(4); or (2) the other state court declines to assume jurisdiction.  (§ 9210, subd. (c).)  The Georgia court issued an order concerning K.G.'s custody when it granted Grandmother's petition for temporary guardianship.  But Georgia does not have jurisdiction over this adoption proceeding in conformity with section 9210, subdivision (a)(1)-(4):  K.G. did not live in Georgia for six months before this action was commenced (subd. (a)(1)); the prospective adoptive parent, Grandmother, did not live in Georgia for six months before this action was commenced (subd. (a)(2)); no agency in Georgia placed K.G. for adoption (subd. (a)(3)); and neither K.G. nor the prospective adoptive parent was physically present in Georgia (subd. (a)(4)).

Father waived his claim that the trial court violated his right to due process when it did not allow him to testify.  Father stipulated that the court could rely on the HSA report "without the necessity of calling further witnesses."  The stipulation was a reasonable tactic in view of Father's extensive criminal history, the details of which were not before the court.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Tari L. Cody, Judge

Superior Court County of Ventura

_____

Janette Freeman Cohen, by appointment of the Court of Appeal, for Defendant and Appellant.

Robert M. Baskin for Plaintiff and Respondent.